AVERILL and others *against* TAYLOR and others.

*Lease; assignability; rights of assignees.*

No PARTICULAR form of words is necessary to constitute a lease. Whether an instrument executed between parties, relating to the occupancy of real estate, amounts to a lease, or only to an agreement for a lease, depends on the intention of the parties as collected from the words of the whole instrument.

The circumstances attending its execution may be resorted to for aid in the interpretation of its language, but not declarations of the parties as to their intention.

In this case, the instrument, which was signed and sealed by the parties, and dated March 1st, 1849, commenced its provisions with the words, "The said Voorhees agrees to lease and rent to said Rust, for the term of ten years, commencing on the first day of May, 1849, at and for the rents," &c., "the premises known as the Empire House," &c., and contained all the provisions necessary to make a complete lease, with a covenant on the part of Rust to surrender quiet possession of the premises "at the end of the said term" in good order. It was executed late in December, 1849, and dated back to March. Rust had been in possession of the premises from the first of May previous, keeping them as a hotel, and had expended several thousand dollars in repairs, which the terms of the instrument authorized. It contained the expression, "*this lease* includes all the prem-

ises known as the Empire House, except," &c.; and soon after its execution the parties made and signed, at the foot of it, a further stipulation, saying, "Rust is to leave" (certain specified fixtures) "to said Voorhees, at the end of the *foregoing lease*, without charge."

*Held*, that the instrument was a lease, and gave to Rust a term of ten years in the property described.

That the interest of Rust was assignable, though assigns were not mentioned in the lease.

That his assignees, for the preservation of their term, had a right to redeem the leased premises from a prior mortgage, and upon such redemption were entitled to an assignment of the prior mortgage, and of the bond to which the mortgage was collateral.

(S. C., 8 N. Y. 44.)